UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| GEORGE AMERICAN HORSE,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Respondent. | CIV. 14-5094-JLV<br><br>[CR-12-50111-JLV]<br><br>ORDER |

　　　　On December 29, 2014, Petitioner George American Horse, appearing *pro se*, filed a motion (Docket 1) pursuant to 28 U.S.C. § 2255 ("2255 Motion") to vacate or set aside his criminal conviction in <u>United States v. George American Horse</u>, CR-12-50111-JLV (D.S.D. 2012).   Mr. American Horse subsequently filed three briefs seeking to expand the number of grounds for relief on the 2255 Motion.   (Dockets 14, 24 & 34).   He later filed a motion to amend the 2255 motion.   (Docket 35).   The court allowed the amendment.

　　　　On July 2, 2015, the government filed a motion to dismiss the 2255 Motion.   (Docket 32).   Pursuant to a standing order of October 16, 2014, the matter was referred to United States Magistrate Judge Veronica L. Duffy pursuant to 28 U.S.C. § 636(b)(1)(B).   On December 4, 2015, Judge Duffy issued a report recommending the court deny all of Mr. American Horse's

claims in the 2255 Motion.[1]  (Docket 37).  Mr. American Horse timely filed his objections.  (Docket 41).  For the reasons stated below, Mr. American Horse's 2255 motion is denied.

## ANALYSIS

The court reviews *de novo* those portions of the report and recommendation which are the subject of objections.  Thompson v. Nix, 897 F.2d 356, 357-58 (8th Cir. 1990); 28 U.S.C. § 636(b)(l).  The court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

The court reviewed the record in this case *de novo* and carefully considered Mr. American Horse's objections to the report and recommendation.  The court finds Mr. American Horse's objections are without merit.  Each of the objections is repetitive of the arguments made initially in support of the 2255 Motion and rejected in the report and recommendation.  Compare Dockets 1, 14, 24, 34, 35 & 37.  Each of the grounds for relief alleged in the 2255 Motion is thoroughly analyzed and rejected by Judge Duffy in the report and recommendation. (Docket 37).

The court finds the report and recommendation is an accurate and thorough recitation of the facts and applicable case law.  The court further finds Judge Duffy's legal analysis is well-reasoned.  The court adopts and incorporates the report and recommendation in full and overrules Mr. American

---

[1] The magistrate judge considered each of Mr. American Horse's filings as additional amendments to the 2255 Motion.  (Docket 37 at p. 10).

Horse's objections for the same reasons set forth in the report and recommendation.

**ORDER**

Having carefully reviewed the record in this case and good cause appearing, it is

ORDERED that Mr. American Horse's objections (Docket 41) are overruled.

IT IS FURTHER ORDERED that the report and recommendation (Docket 37) is adopted in full.

IT IS FURTHER ORDERED that the government's motion to dismiss (Docket 32) is granted.

IT IS FURTHER ORDERED that Mr. American Horse's petition (Docket 1) is dismissed with prejudice.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 2253(c) and Rule 11 of the Rules Governing Section 2255 Cases in the United States District Courts, the court declines to issue a certificate of appealability.  A certificate may issue "only if the applicant has made a *substantial showing* of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2) (emphasis added).  A "substantial showing" under this section is a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). In other words, a "substantial showing" is made if a "court could resolve the issues differently, or the issues

3

deserve further proceedings." Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997). Mr. American Horse has not made a substantial showing of the denial of a constitutional right.

Although the court declines to issue a certificate of appealability, Mr. American Horse may timely seek a certificate of appealability from the United States Court of Appeals for the Eighth Circuit under Fed. R. App. P. 22.   See Rule 11(a) of the Rules Governing Section 2255 Cases in the United States District Courts and Fed. R. App. P. 22.

Dated May 2, 2016.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE